**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ASHOK ARORA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC.; | ) |
| MIDLAND FUNDING LLC; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1.     Plaintiff, Ashok Arora, brings this action individually against defendants Midland Credit Management, Inc., ("MCM") and Midland Funding LLC ("Midland"), (collectively "Defendants").

2.     Defendant MCM, acting on behalf of Defendant Midland, impermissibly called plaintiff's cell phone without his prior express consent using an automatic telephone dialing service and/or an artificial or prerecorded voice ("Predictive Dialer"), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

### JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4.     Venue and personal jurisdiction over Defendant in this District is proper because:

      a.     Plaintiff resides in the District;

      b.     Defendant MCM transacts business in the District via the telephone system;

1

    c.      Defendant MCM is licensed as a collection agency by the Illinois Division of Professional Regulation, License Number 017020397;

    d.      Defendant Midland Funding is licensed as a collection agency by the Illinois Division of Professional Regulation, License Number 017021204;

    e.      Defendant MCM's activities complained of done on behalf of Defendant Midland occurred within the District.

## PARTIES

### Plaintiff

5.     Plaintiff is an individual who resides in the Northern District of Illinois.

### Midland Funding

6.     Midland Funding is a limited liability company chartered under Delaware law.

7.     Midland Funding is engaged in the business of taking title to charged-off consumer debts, including credit card, auto deficiency and telecom receivables purchased from national financial institutions, major retail credit corporations, telecom companies and resellers of such portfolios.

8.     Midland Funding's affiliate Midland Credit Management, Inc. attempts to collect the alleged debts via correspondence and telephone calls.  Midland Funding frequently files lawsuits to collect the debts.   Midland Funding is the plaintiff in about 500 lawsuits per month in Cook County alone.

9.     Midland Funding's principal place of business is 8875 Aero Drive, Suite 200, San Diego, CA 92123. Midland Funding's agent for the service of process in Illinois  is Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

10.     Midland Funding is a debt collector as defined in the FDCPA.

**<u>Midland Credit Management</u>**

11.     Defendant MCM is a Kansas corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123.   It is a subsidiary of Encore Capital Group, Inc.  MCM transacts business in Illinois.    MCM's agent for the service of process in Illinois is Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

12.     Defendant MCM is a collection agency and collects the charged-off debts purchased by other entities within the Midland organization, described below.

13.     Defendant MCM is a "debt collector" as defined in the FDCPA.

**<u>FACTS</u>**

14.     MCM uses at least one Automatic Dial Announcing Device which is registered in Texas, and under Texas law is defined as any automated equipment used for telephone solicitation or collection that (1) is capable of storing numbers to be called, or has a random or sequential number generator capable of producing numbers to be called and (2) alone or in conjunction with other equipment, can convey a prerecorded or synthesized message to the number called without the use of a live operator.

15.     MCM uses at least one "Predictive Dialer" as defined by the Federal Commutation Commission ("FCC").

16.     On information and belief, MCM's Predictive Dialer is capable of dialing telephone numbers without human intervention.

17.     MCM's Predictive Dialer is capable of delivering an automated prerecorded message.

18.     Upon a phone call being answered by a live person, MCM's Predictive Dialer has the capability of transferring that phone call to a live operator.

19.     Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-

3846. The first six digits of Plaintiff's cellular telephone number are redacted for privacy considerations.

20. Plaintiff is the regular user of the cellular telephone and it is generally carried on his person.

21. Between December 2013 and July 25, 2014, Defendant MCM placed approximately 100 phone calls in an attempt to reach someone else at the telephone number XXX-XXX-3846.

22. On information and belief, each phone call placed to Plaintiff by MCM was with the use of a Predictive Dialer, without a human hand manually dialing the telephone number.

23. Plaintiff answered at least one of the calls and was informed by a live person that the call was from Midland Credit. In response, plaintiff informed the caller they had the wrong phone number.

## COUNT I -- TCPA VIOLATION

24. Plaintiff incorporates paragraphs 1-23 above.

25. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

**(b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–** * * *

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

26. Defendant MCM did not have prior express consent to call plaintiff's cellular

telephone number XXX-XXX-3864 using an automatic telephone dialing service and/or an artificial or prerecorded voice.

27.     Plaintiff was the called party under the TCPA.

28.     The phone calls placed by MCM to plaintiff's cellular telephone number violated the TCPA.

29.     Defendant Midland Funding, as the owner of the debt, is vicariously liable for MCM's violations of the TCPA.

30.     Plaintiff and each class member is entitled to statutory damages.

31.     Defendants violated the TCPA even if its actions were only negligent.

32.     Defendants should be enjoined from committing similar violations in the future.

    **WHEREFORE**, plaintiff requests this Honorable Court to enter judgment against defendants for:

      (1)    Statutory damages under the TCPA;

      (2)    Costs of litigation; and

      (3)    An injunction prohibiting defendant from future violations of the TCPA with respect to plaintiff, along with corresponding declaratory relief.

      (4)    Such other or further relief as the Court deems just and proper.

Respectfully submitted,


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street,Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that the Plaintiff's counsel claim a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards.   All rights to attorney's fees have been assigned to counsel.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman