**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ASHOK ARORA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 15 C 6109** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **MIDLAND CREDIT MGMT.,** | ) | |
| **MIDLAND FUNDING LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On the afternoon of August 2, 2021, the day fact discovery closed [Dkt. ##23, 37], plaintiff

filed a motion to compel 30(b)(6) depositions of defendant on the following topics: the Noble

System Maestro software program; the Noble System ATOMIX database; and "[t]he account

regarding which Defendants claim they had called Plaintiff's cell phone." [Dkt. #34-1].

For obvious and sound reasons, courts have wide discretion with respect to discovery

disputes and substantial case management authority to control the course of litigation in their courts.

*See Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Thermal Design, Inc. v. Am. Soc'y of Heating,*

*Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014); *Montanez v.*

*Simon*, 755 F.3d. 547, 532 (7th Cir. 2014). But, discretion denotes the absence of hard and fast rules.

*Langnes v. Green*, 282 U.S. 531, 541 (1931). Generally, there are no preordained right or wrong

answers.

Indeed, discretion connotes a range, not a point. *Compare United States v. Boyd*, 55 F.3d 239

(7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). Indeed, on a virtually

identical set of facts, two decision- makers can arrive at opposite conclusions, both of which can

constitute appropriate exercises of discretion and both be affirmed on appeal. *Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011); *United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987); *Elliot v. Mission Trust Services, LLC*, 2015 WL 1567901, 4 (N.D. Ill. 2015). Consequently, a party can only overturn a discovery ruling where there has been an abuse of discretion, which can be found only when no reasonable person could agree with the district court's decision. *Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013).

Plaintiff noticed Rule 30(b)(6) depositions on June 18, 2021. [Dkt. #34-1]. Defendants, having already submitted to Rule 30(b)(6) questioning on these topics in the MDL proceedings, objected just a week later on June 24th. [Dkt. #34-2]. The parties had a Local Rule 37.2 conference by telephone on July 8th, but accomplished nothing, as both sides stood their ground. The plaintiff then waited nearly a month, and until the afternoon of the day discovery closed, to file this motion. As such, it is not only a motion to compel depositions in the wake of extensive MDL discovery, but it is, in effect, a motion to reopen fact discovery as well.

Parties who wait until the last minute to file motions to compel or seek deadline extensions – and there are plenty who do – are "playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996). *See also Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015); *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 538 (7th Cir. 2011). The "flames" here come from Fed.R.Civ.P. 16(b)(4), which allows a judge to modify a discovery schedule "*only* for *good cause."* (emphasis added). So, the motion to compel, filed after the discovery deadline, is denied as untimely. *See*

*Haynes v. Alliant Food Serv., Inc.*, 93 F. App'x 71, 73–74 (7th Cir. 2004)("... rarely will we find an abuse of discretion when the motion to compel came after the close of discovery."); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001)."Federal courts do not possess infinite patience, nor are the discovery tools of litigation meant to substitute for . . . diligence." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021).  And "diligence" is key, because any party wanting to modify a discovery schedule to reopen discovery to take depositions must show that they acted with diligence. *MAO-MSO Recovery*, 994 F.3d at 878; *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).  Plaintiff has known that fact discovery was going to close on August 2nd since April 26, 2021. [Dkt. #23].[1]

That meant, as my Order clearly stated, that "[a]ll fact discovery, including relevant depositions, [had to] be *completed* by 8/2/21." [Dkt. #23 (emphasis added)].  Yet the plaintiff did not seek the depositions he claims he needs until two months after my Order. And, once the defendants – who had already been through MDL discovery –  rather predictably objected, plaintiff not only waited another month to file his motion, but did so on the afternoon discovery closed. Plaintiff provides no explanation for this delay and, accordingly, has not made any showing of diligence or good cause. "'[G]ood cause' imposes a more difficult standard than "excusable neglect" because the former 'implies justification rather than excuse (negligence can be excused but not justified)."' *CFTC v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404 (7th Cir. 2011).  *See also*

---

[1] *See* the discussion in *In re Sulfuric Acid Antitrust Litigation*, 231 F.RD. 331 (N.D.Ill. 2005). *See also Hicks v. United States*, 2021 WL 3550800, *1 (S.D.Fla. 2021)(filing discovery motion on the day discovery closed denied). Indeed, court after court has criticized lawyers who file discovery motions of varying kinds on the day discovery ends. Indeed, these kinds of motions are generally deemed to be late and unjustified and are routinely denied. *See, e.g.,* the discussion in *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331. *See also Finwall v. City of Chicago*, 239 F.R.D.  494 (N.D.Ill. 2006).

*Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). Here, plaintiff meets no standard, difficult or otherwise. It is a habit that the plaintiff has carried over from the MDL phase of this case, as the magistrate judge denied plaintiff's discovery requests in the MDL, finding that plaintiff "[was] not diligent in pursuing fact or expert discovery, in seeking extensions of deadlines or in seeking clarification of the Orders regarding discovery." [Dkt. #44-1, Page 30/98]

In addition to the improper – and unexplained – timing of plaintiff's motion, there is the fact that Rule 30(b)(6) topics were already addressed in the MDL litigation. The "express purpose of consolidating multidistrict litigation for discovery is to conserve judicial resources by avoiding duplicative rulings . . . ." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996). *See also In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 762 (7th Cir. 2017). There was both written and deposition discovery about dialing technology in the MDL. That's essentially what the MDL was for. But plaintiff isn't satisfied and has issue after issue with the MDL court.

According to the plaintiff, MDL discovery "turned out to be a massive waste of time and resources for everyone involved." It was, the plaintiff insists, "a farce." [Dkt. #34, at 12-13]. "The deposition [the plaintiff insists] was a fiasco." [Dkt. #34, at 13]. It "was most disappointing." [Dkt. #34, at 5]. In denying additional depositions on dialer technology, the district judge was supposedly "mistaken in his conclusion that Plaintiff 'was aware of the alleged inadequacies in discovery spanning back to when the deposition occurred and when Defendants produced discovery.'" [Dkt. #45, at 7]. So, plaintiff – who did not take advantage of an opportunity to pose questions at the MDL deposition remotely – wants to go back and take depositions again in the hopes of getting right what the MDL court – a magistrate judge and a district court judge – supposedly got so terribly wrong. But "unfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie,*

*Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").[2]

Plaintiff has already had two bites of the apple, challenging discovery Orders in the MDL – one before the magistrate judge and one before the district court judge. [Dkt. #44-1, Pages 23-31/98; Pages 41-57/98]. The issues plaintiff raises now regarding the Maestro program and inadequacy of dialer discovery prior to the MDL deposition were raised and disposed of a year ago. [Dkt. #44-1, Pages 33-38/98, Pages 50-52/98]. They will not be revisited for a third time. "[E]nough is enough." *Williams v. Shinseki,* 2010 WL 1274233, 4 (7th Cir.2010).[3]

Then there is the matter of the only "plaintiff-specific" discovery plaintiff asks for in his motion. He wants testimony regarding the contents of account that defendants "thought" they were calling – that of the mysterious Ms. Adams. [Dkt. #39, at 2, 4]. This request was denied by the MDL court – again, at two levels – because the information was not deemed relevant. [Dkt. #44-1, Page 93/98, 97/98]. I see no valid reason to depart from that ruling here because, like the magistrate

---

[2] *See also Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020)("But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here."). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018).

[3] "Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred." *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). The law of the case doctrine "authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). However, "[l]itigants have a right to expect that a change in judges will not mean going back to square one. The second judge may alter previous rulings if new information convinces him that they are incorrect, but he is not free to do so even though the time for reconsideration has not expired, merely because he has a different view of the law or facts from the first judge." *Williams v. C.I.R.*, 1 F.3d 502, 503 (7th Cir. 1993). "It would vitiate most of the purpose of consolidating litigation if, after remand, parties could simply re-visit the transferee court's pre-trial rulings...." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 n.5 (7th Cir. 1996).

judge and the district court judge in the MDL case, I cannot see how information about Ms. Adams' account advances a claim for treble damages. *See, e.g., Hossfeld v. Lifewatch, Inc*., 2021 WL 1422785, at *8 (N.D. Ill. 2021)(treble damages "require a finding that the defendant actually knew that its conduct violated the statute."); *Bakov v. Consol. World Travel, Inc*., 2019 WL 6699188, at *7 (N.D. Ill. 2019)("a willful or knowing TCPA violation does not require that the defendant had actual knowledge that an action violated the TCPA, but only that the action itself was intentional."); *Newbold v. State Farm Mutual Automobile Insurance Co.*, 2015 WL 1368554, at *5 (N.D. Ill. 2015) ("Courts generally have interpreted [willful or knowing] to mean voluntary, intentional, actions, and not to require specific knowledge that the action constitutes a violation of the TCPA."); *Bridgeview Health Care Center Ltd. v. Clark*, 2013 WL 1154206, at *7 (N.D. Ill. 2013) ("The Court adopts the more common interpretation that 'willfully' or 'knowingly' simply requires that the act be intentional or volitional, as opposed to inadvertent, and not that defendant must have known that the conduct would violate the statute."); *Sengenberger v. Credit Control Services, Inc*., 2010 WL 1791270, at *6 (N.D. Ill. 2010) (no requirement of knowledge that an act violated the TCPA for treble damages); *Charvat v. Allstate Corporation*, 29 F.Supp.3d 1147, 1151 (N.D. Ill. 2014) (willful or knowing TCPA violation only requires defendant knew of facts constituting the offense).

For the foregoing reasons, the plaintiff's Motion to Compel [Dkt. #34] is denied.

ENTERED:  _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/23/21