**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ASHOK ARORA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 6109 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MIDLAND CREDIT MGMT., | ) | |
| MIDLAND FUNDING LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On February 7, 2022, Judge Aspen issued an Order giving the defendants the choice of designating a Rule 30(b)(6) witnesses to allow the plaintiff to inquire into a non-party's debt, or providing:

> a declaration complying with 28 U.S.C. § 1746 that attests to that Defendant's lack of knowledge regarding the Subject Debt's purpose and the reasons for this lack of knowledge. The declaration must be submitted by an individual who has the authority to speak on behalf of that Defendant and who has conducted the investigation that would be necessary if the individual were providing deposition testimony on behalf of the Defendant under Federal Rule of Civil Procedure 30(b)(6).

[Dkt. #71, at 6-7]. As per Judge Aspen's Order, both defendants provided Declarations, stating that the non-party's debt was "sold by Navy Federal Credit Union ("NFCU") to Asset Acceptance, LLC ("Asset Acceptance") on or about April 27, 2012, and was then subsequently sold to Midland Funding on November 21, 2013." The Declarations further stated that:

> [f]rom the records in [defendant's] file relating to the Subject Account, [defendant] cannot determine whether the Subject Debt was incurred primarily for "personal, family, or household purposes." 15 U.S.C. § 1692a(5). More specifically, [defendant] does not have in its possession, custody or control, documents related to the Subject Account which show the types of charges that gave rise to the Subject Debt, the items purchased that led to the Subject Debt, or where the purchases were made.

[Dkt. #73-1].

Only Judge Aspen can say with certainty whether that is what he had in mind and complies with his Order. *See* Posner, Overcoming Law, 276 (1995); *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202 (N.D. Ill. 2018); *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 3191542, at *5 (N.D. Ill. 2006). Thus, on his referral, I can only say that what the defendants have provided certainly appears to comply with his Order. But, plaintiff remains unsatisfied in this nearly seven-year-old case and seeks yet more discovery into twelve additional topics. This was definitely not an option allowed by the plain language of Judge Aspen's Order, and, more importantly, discovery has been closed for nearly three months, and the time for filing motions to compel discovery has long passed in this 2015 case as well. [Dkt. #53]. *See Haynes v. Alliant Food Serv., Inc.*, 93 F. App'x 71, 73–74 (7th Cir. 2004)("... rarely will we find an abuse of discretion when the motion to compel came after the close of discovery."); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001). As such, the plaintiff's Motion [Dkt. #79] is denied, and this referral [Dkt. #80] is closed and the case is returned to Judge Aspen.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/11/22